**BETH HACHNESETH YAD CHARUTZIM CONGREGATION,**
Plaintiff-Appellee, v KESMO DEL et, Defendants-Appellants.

Ohio Appeals, First District, Hamilton County.

No. 6899.   Decided January, 1948.

Dolle, O'Donnell & Cash, Cincinnati, Samuel Englender and Charles J. Armstrong, Cincinnati, for plaintiff-appellee.
Elmer L. Conway, M. C. Lacinak, Cincinnati, for defendants-appellants.

### OPINION

By THE COURT:
This is an appeal on law and fact from a judgment de-

creeing specific performance of a contract to convey real estate, and awarding damages as incidental relief.

The offer to buy contained this provision:

"Providing, however, that this organization secures permission of the Court of Common Pleas, Hamilton County, state of Ohio, to purchase above mentioned real estate and to mortgage the same, otherwise this offer is null and void."

The offer containing the above provision was accepted by defendant.

Within the period for performance, the plaintiff filed an action in the Common Pleas Court setting forth that it desired to purchase and mortgage this real estate and the Court expressly granted the power to mortgage.

Some contention is made based on use of different names to designate the applicant in that case, but we do not regard the point as material. We are of the opinion that the proceeding and the order complied substantially with the terms of the offer.

But it is said that this provision in the offer prevented plaintiff from being bound and that, therefore, the defendants could not be bound for lack of consideration to support their promise, and that defendants withdrew before the provision preventing plaintiff from being bound had been removed.

We do not think the presence of this provision in the offer relieved the plaintiff from all obligation. It relieved it, at most, only after it had used reasonable effort to have the court grant it the approval to buy and mortgage.

In 12 Am. Jur., at 933, it is stated:—

"In order that a party shall be excused from performing his contract obligation by an absolving clause contained in the contract, the excuse must not only come within the terms of such clause, but also must be reasonably beyond the power of the party to prevent:—that is, such clause will not give a party the power arbitrarily to refuse performance, but is under a duty to exercise a reasonable amount of care to prevent the happening of the contingency named. To excuse performance under an absolving clause in a contract, the cause relied on must also be the proximate cause of the failure to perform."

We, therefore, hold that the plaintiff's promise, although provisional, was a sufficient consideration to support the defendants' promise to convey.

Furthermore, as the plaintiff had full capacity to buy or mortgage without the approval of any court, any attempt on its part to rely on that provision would have been a subterfuge for failure to perform for some other reason, and would not have availed it.

It so happens in this case that the plaintiff, for whose benefit the provision is inserted, is not relying upon it, but is insisting upon specific performance. The defendants whose promise was absolute cannot appropriate this discarded proviso to the plaintiff's promise and make it a proviso of their promise.

A decree of specific performance may be entered. The issue of the amount of damages is postponed for future consideration.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.